UNION SCREW & MANUFACTURING COMPANY, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10446. Promulgated January 30, 1951.

H. Kennedy McCook, Esq., for the petitioner.
Edwin P. Friedberg, Esq., for the respondent.

242

DISNEY, *Judge:* The petitioner, citing *Zellerbach Paper Co.*, 8 T. C. 511; *Rosemary Mfg. Co.*, 9 T. C. 851; *Leonard Refineries, Inc.*, 11 T. C. 1000, and *Kawneer Co.*, 13 T. C. 336, together with other cases less applicable to the situation here, argues that deductions for depreciation were taken in excessive amounts in previous years, as indicated by later estimates made by respondent's engineer-agent, and that therefore the petitioner is entitled to recompute its tax liability for the taxable years, under the provisions of section 718 (a) (4) of the Internal Revenue Code (as to determination of equity invested capital) and section 734 providing for adjustment in case of positions inconsistent with prior income tax law. The respondent's position is, in substance, that the depreciation rates and allowances actually used by the petitioner in prior years in computing its income tax liability were correct under the then applicable law, and that therefore no adjustment is permissible under section 734.

We have studied all cases cited to us and have examined and analyzed the facts which the petitioner has presented, and in our opinion they are insufficient basis for the relief asked. Section 734 (b) (2) provides particularly, in part just here pertinent, that adjustments shall be made only in case of inconsistency of position with the treatment accorded in a prior taxable year·or years "which was not correct under the law applicable to such year." We are unable to find anything incorrect in the depreciation deductions taken in petitioner's previous years, under the law applicable to such years. This statement of the statute appears to be the basis for the fact that all of the cases on this

general subject, including those cited by the petitioner, appear to agree that depreciation is to be calculated on the basis of facts known or reasonably to be anticipated during the taxable year and not upon facts subsequently discovered. *Lake Charles Naval Stores*, 25 B. T. A. 173; *Rosemary Mfg. Co., supra; Leonard Refineries, Inc., supra.* The *Rosemary* case after referring to the above provision of section 734 (b) (2) and noting that it is a limitation upon making the adjustment recites that "on the basis of facts known or reasonably to have been anticipated during those years," that is, the previous years, we were of the opinion that the allowance then computed and deducted was reasonable. This was despite the fact that, much as in this case, the respondent and the taxpayer had later determined upon depreciation rates less than those used in the previous years. The point is accented by the distinction found between that case and the *Zellerbach* case, *supra*, in that in the latter there was "mistake of law and fact" by reason of which the net income was not correctly reported. The distinction, the *Rosemary* case says, is obvious. In *Leonard Refineries, Inc., supra*, as to a portion of the matters involved, we held that the petitioner had not sustained the burden of proof, that depreciation deductions taken on certain items, for a year previous to the taxable years, were excessive "based on circumstances and conditions known or reasonably ascertainable at the end of that year." In the *Kawneer Co.* case, *supra*, particularly pointed out by the petitioner, it is noteworthy that though as in this case there was later examination by a revenue agent with recommendations of adjustments as to certain years, we found as fact that: "There were no factors developed as a result of the analysis which the petitioner could not have known as of December 31, 1936," and again, upholding the adjustment for depreciation, we referred to the "subsequently agreed principles as applied to the facts known during the base period years." In the instant case, on the contrary, nothing indicates to us that the new depreciation rates relied upon by the petitioner because of a determination by revenue agent based upon a Government engineering report in 1939 could properly be applied to the previous years, in other words, that so far as the record before us shows the rates of depreciation actually taken were correct under all facts and circumstances known in those years. The petitioner has urged, in support of the adoption for all previous years of the rates referred to in the engineering report of 1939, that there was no reason during the entire period from 1926 why the useful life of its machinery and equipment should be either extended or shortened. This idea, however, contravenes the view indicated on a claim filed by the petitioner on January 6, 1937, for the reduction of depreciation for 1931, 1932, and 1933 "by reason of reduced activity during loss years" in which it was contended that the

average gross sales per year for 1931, 1932, and 1933 were 46 per cent of average gross sales per year for the preceding 5 years "on account of the extremely sub-normal conditions prevailing during the depression" and it was, therefore, contended that depreciation on machinery and equipment should be reduced by at least one-third of the amount charged off for 1931, 1932, and 1933. The claim further stated: "The duration of the depression could not have been foreseen and the taxpayer could not have been expected, therefore, to have reduced depreciation charges in anticipation of an extraordinarily long period of very sub-normal operations." It is clear, therefore, with reference to depreciation taken and claimed during the depression period 1931, 1932, and 1933 that as late as January 6, 1937, it was the view of the petitioner that the "conditions known to exist at the end of the period for which the return is made"—the test under Regulations 111, section 29.23 (1)–5 for reasonableness of a claim for depreciation—were such that the facts entering into the engineer's report and alteration of depreciation rates made later in 1939, could not have been known. Nothing in the record before us demonstrates or indicates that conditions had not changed before the adoption of the depreciation rates or that they were not correct under the circumstances and on the facts at the time they were claimed and allowed in the earlier years. Clearly the mere adoption in later years of a new depreciation schedule is of itself no indication that the previous schedules had not been correct. We conclude and hold that the petitioner has not shown facts authorizing relief under section 734. It follows that the petitioner's claim, dependent upon such relief, for additional depreciation deductions in the excess profits tax years, is not well based.

*Decision will be entered under Rule 50.*